UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DONTA DEVOE WILLIAMS, | ) | |
|---|---|---|
| *Petitioner*, | ) | |
| | ) | Case No. 1:23-cv-213 |
| v. | ) | |
| | ) | Judge Atchley |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Steger |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Donta Devoe Williams's Motion to Vacate, Correct, or Set Aside Sentence [Doc. 1]. Petitioner pled guilty to possessing a firearm and ammunition as a felon and was sentenced to 45 months of imprisonment. Petitioner now asks the Court to vacate his sentence on grounds that the felon-in-possession statute is unconstitutional. For the reasons explained below, Petitioner's motion will be **DENIED**.

### I. FACTUAL BACKGROUND

On November 23, 2021, Petitioner was indicted for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). *United States v. Williams*, No. 1:21-cr-144, Doc. 1 (E.D. Tenn. Nov. 23, 2021). Petitioner's criminal history includes multiple felony convictions for aggravated burglary. *Williams*, Doc. 25 at 10, 15. Petitioner pled guilty to the felon-in-possession charge, and as part of his plea agreement, Petitioner agreed not to file any motions pursuant to 28 U.S.C. § 2255, unless he alleged prosecutorial misconduct or ineffective assistance of counsel as grounds for relief. *Williams*, Doc. 14 at 6. Around eight months after the Court accepted the plea agreement and sentenced Petitioner to 45 months of imprisonment, Petitioner filed his § 2255 motion pro se. That motion is ripe for the Court's review.

## II. ANALYSIS

Petitioner contends that 18 U.S.C. § 922(g)(1) violates his rights under the Second Amendment. For this reason, he requests that his sentence be vacated. Petitioner's request is misplaced for two reasons. First, he waived this avenue of relief in his plea agreement. Second, 18 U.S.C. § 922(g)(1)'s felon-in-possession ban is constitutional as applied to Petitioner. The Court will address each of these reasons below.

### A. Plea Agreement Waiver

Criminal defendants can generally challenge their convictions in two ways: direct appeals and collateral attacks. *See United States v. Asakevich*, 810 F.3d 417, 423 (6th Cir. 2016) (citations omitted). Section 2255 provides one avenue for collateral attacks. *Jones v. Hendrix*, 599 U.S. 465, 477 (2023). The statutory provision allows convicted defendants to move to vacate their sentences if they were "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

Petitioner invokes Section 2255 to argue that his conviction and sentence violate his Second Amendment rights. The problem for Petitioner is that he has waived the right to seek relief under Section 2255. In his plea agreement, Petitioner agreed not to file any motions pursuant to Section 2255, unless he sought relief based on prosecutorial misconduct or ineffective assistance of counsel. *Williams*, Doc. 14 at 6. "It is well established that a defendant may waive the right to appeal a sentence in a plea agreement, provided the waiver is knowingly and voluntarily made." *United States v. Bolden*, 15 F. App'x 313, 316 (6th Cir. 2001) (citing *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001)). Petitioner does not argue in his motion that he waived his rights unknowingly or involuntarily, and thus the waiver is valid and enforceable. *Id.*

2

That the legal landscape surrounding 18 U.S.C. § 922(g)(1) has changed since Petitioner executed his plea agreement is of no import. True, the Sixth Circuit later held that "§ 922(g)(1) might be susceptible to an as-applied challenge in certain cases." *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024). But the fact that this decision came after Petitioner's plea agreement does not render its waiver provision invalid.

The Sixth Circuit's decision in *Cox v. United States*, 695 F. App'x 851 (6th Cir. 2017) proves instructive on this point. There, as here, the defendant entered into a plea agreement wherein he waived his right to file any motions pursuant to Section 2255. *Id.* at 853. The defendant argued the waiver was invalid because it came before two subsequent Supreme Court decisions that rendered his designation as an armed career criminal improper. *Id.* Rejecting the defendant's argument, the Sixth Circuit reasoned that even though the defendant "may not have known at the time of his plea that the Supreme Court would change the law in the way it did in *Johnson*," he nonetheless knew of Section 2255 at the time he entered his plea but chose to waive his right to seek such relief. *Id.* So too here. Notwithstanding the later *Williams* decision, Petitioner knew of the rights Section 2255 provided at the time of his plea but decided to waive them anyway. The waiver provision in Petitioner's plea agreement is therefore enforceable and bars his motion. *Id.*; *see also Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (recognizing the "mainstream" view that "future changes in law do not vitiate collateral-challenge waivers").

**D.  Challenge to 18 U.S.C. § 922(g)(1)**

The plea agreement's waiver provision precludes Petitioner's request for relief. Even if the Court set aside that issue, Petitioner's motion still fails on the merits. Petitioner argues that 18 U.S.C. § 922(g)(1) is unconstitutional. [Doc. 1 at 1]. He cites the Third Circuit's decision in *Range v. Att'y Gen.*, 124 F.4th 218, 232 (3d Cir. 2024), which declared § 922(g)(1) unconstitutional as

applied to an individual with a prior felony conviction for food-stamp fraud. [Doc. 1 at 4]. Petitioner asks the Court to follow the Third Circuit's lead and declare § 922(g)(1) unconstitutional as applied to him. The facts of this case are different, however, and more importantly, the Sixth Circuit's decision in *Williams* governs the Court's analysis.

*Williams* held that § 922(g)(1) is constitutional "as applied to dangerous people." *Williams*, 113 F.4th at 662–63. This holding dooms Petitioner's challenge. Under *Williams*, it is the Court's task to determine whether a defendant is dangerous and thus properly subject to § 922(g)(1)'s disarmament provision. *Id.* In making this dangerousness determination, the Court must consider the defendant's entire criminal history. *Id.* Certain types of prior convictions, the Sixth Circuit explained, "are highly probative of dangerousness, while others are less so." *Id.* at 658. These prior convictions fall into three buckets: crimes against the person, crimes that pose a significant threat of danger, and crimes that often pose no threat of physical harm. *Id.* at 658–59.

Petitioner has two prior convictions for aggravated burglary in 2012 and 2018. *Williams*, Doc. 25 at 10, 15. These convictions fall into *Williams*'s second bucket: crimes that do not directly inflict harm, but may pose a significant threat of danger. *Williams*, 113 F.4th at 659. The threat of danger is particularly acute for aggravated burglary, which, under Tennessee law, requires the offender to burglarize a habitation. TENN. CODE ANN. § 39-13-1003. Entering into another's private home without permission sets the stage for a potential altercation between the offender and the homeowner. As part of his 2012 aggravated burglary, Petitioner "forced entry" into another's residence. *Williams*, Doc. 25 at 10. These prior convictions suffice to support a finding of dangerousness and justify Petitioner's disarmament.

Petitioner's felony aggravated burglary convictions defeat his as-applied challenge standing alone, but some of his misdemeanor convictions further underscore his dangerousness.

4

*Williams* permits courts to consider an offender's "entire criminal record," so Petitioner's non-felony convictions can also form part of the dangerousness inquiry. *Williams*, 113 F.4th at 659. Three of Petitioner's misdemeanor convictions evince his dangerousness. First, Petitioner was convicted of simple assault after he pulled a knife during an argument with his parents. *Williams*, Doc. 25 at 14. Second, Petitioner was again convicted of simple assault after he attempted to initiate sexual contact with a fifteen-year-old and persisted in his efforts even as she walked away. *Id.* at 15. Third, Petitioner was convicted of disorderly conduct and public intoxication after he threatened to blow up a hospital and told law enforcement that he was "homicidal." *Id.* at 12.

Though only resulting in misdemeanor convictions, Petitioner's conduct in these three instances arguably demonstrates his dangerousness even more so than his felony convictions for aggravated burglary. In all three instances, Petitioner exhibited aggressive, violent behavior that would have been exacerbated had he enjoyed access to a firearm. When considering the nature of this conduct and Petitioner's entire criminal history, the Court has "little trouble" concluding that Petitioner is a dangerous felon properly subject to disarmament. *Williams*, 113 F.4th at 662.

### III. CONCLUSION

Petitioner waived the right to seek relief under Section 2255 as part of his plea agreement. Even without the waiver, Petitioner's criminal history demonstrates that he is dangerous and may be constitutionally disarmed. Accordingly, Petitioner's Motion to Vacate, Correct, or Set Aside Sentence [Doc. 1] is **DENIED**.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional right or present

a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**.

    **SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**